IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

ZELLA BALENTINE,

       Plaintiff,

v.

SIMON WHITE
IN RE: PATERNITY OF ASHLEY
ARRON BALENTINE, a minor,

       Defendant.

Hardin Juvenile No. J-8792
C.A. No. 02A01-9508-JV-00190

Hon. Max Seaton, Judge

FILED

**October 9, 1996**

**Cecil Crowson, Jr.**
Appellate Court Clerk

T. VERNER SMITH, Jackson, Attorney for plaintiff.

W. LEE LACKEY, Savannah, Attorney for defendant.

***REVERSED IN PART AND REMANDED***

Opinion filed:

**TOMLIN, Sr. J.**

       Zella Balentine ("plaintiff") filed a petition in the Juvenile Court of Hardin County seeking to have that court declare Simon White ("defendant") to be the natural father of the parties' minor child, Ashley Balentine. The Hardin County General Sessions Court, in its role as Juvenile Court, found defendant to be the father of the child and awarded plaintiff retroactive child support dating back to November 1, 1992. The sole issue on appeal is whether the trial court abused its discretion by not awarding retroactive child support back to the date of the child's birth. For the reasons stated, we find that the trial court did abuse its discretion. Accordingly, we reverse as to this issue and remand this cause to that court for further proceedings.

       The vast majority of the facts in this case are not in dispute. The record is clear that plaintiff and defendant had ongoing sexual relations from 1965 to 1977. Upon learning that she was pregnant she advised defendant of her condition and asserted that he was the child's father. Plaintiff gave birth to the parties' son, Ashley, on October 16, 1977. Following the birth of the child there was little contact between the parties for the next fourteen years. In 1991, plaintiff approached defendant about providing financial support for Ashley. Defendant indicated that he would like to establish ties with the child and in the next nine months beginning November 1, 1992 sent a total of

nine checks for $100.00 each to plaintiff.

In July, 1993 plaintiff filed her petition seeking to have defendant declared Ashley's natural father. A blood test taken by order of the court showed that the relative chance of defendant being Ashley's father was 99.99%. The trial court found defendant to be the natural and biological father of the parties' child as well as being obligated to contribute to the support and maintenance of the child. The court found that defendant was unemployed and at that time had no earned income. The court ordered defendant to pay monthly child support in the amount of $130.00 per month based on the Tennessee Child Support Guidelines ("TCSG") as set out for minimum wage earnings. The court also ordered defendant to pay a $1,570.00 arrearage, based upon the findings that defendant had begun making support on November 1, 1992, giving defendant credit for the payment of $900.00 from November 1992 to July 1993.

Plaintiff filed a post-judgment motion seeking a new trial or a new hearing, alleging that the court erred in setting child support at only $130.00 a month. After conducting a hearing, the trial court found that based upon defendant's tax returns for the years 1991 to 1993, defendant's annual gross income for the purposes of the TCSG was $15,000.00. The court increased defendant's child support payments from $130.00 to $216.00 per month retroactive to May 31, 1994, the date of the original paternity order. The trial court once again denied plaintiff's request for retroactive child support back to the date of the child's birth. This appeal followed.

A father's responsibility for support of a child of his born out of wedlock is spelled out in T.C.A. § 36-2-102 (1991). This code section reads as follows:

> The father of a child born out of wedlock is liable for the necessary support and education of the child. He is also liable for the child's funeral expenses. He is liable to pay for the expenses of the mother's confinement and recovery, and is also liable to pay such expenses, including counsel fees, in connection with her pregnancy as the court in its discretion may deem proper.

T.C.A. § 36-2-108 (Supp. 1995) permits the juvenile court to make a retroactive award of support prior to the entry of the decree of paternity under appropriate

circumstances. It states:

>    (a) If the finding is against the defendant, the court shall make an order of paternity and support, declaring paternity and for the support and education of the child, and may order a change of name.

>    (b) The order of paternity and support shall specify who is to have custody of the child, and the sum to be paid monthly or otherwise, through the clerk of the court, until the child reaches the age of majority, and as otherwise provided by statute. In addition to providing for the support and education, the order shall also provide for the payment of the necessary expenses incurred by or for the mother in connection with her confinement and recovery; for the funeral expenses if the child has died; for the support of the child prior to the making of the order of paternity and support; and such expenses in connection with the pregnancy of the mother as the court may deem proper. The court shall set a specific amount which is due in each month to be paid in one (1) or more payments as the court orders. (emphasis added).

In State ex rel. Coleman v. Clay, 805 S.W.2d 752, 755 (Tenn. 1991), the supreme court affirmed the judgment of this court in a case presenting similar facts. In Coleman, following an intimate relationship between the child's mother and her lover for a period of some three (3) years, the mother gave birth to a child, which she contended was the lover's child as well. The mother's suit was not brought until some fourteen (14) years later by the local district attorney's office. After further delays and two (2) separate blood tests, both of which showed without question that the mother's lover was the child's father, the juvenile court entered a decree of paternity in November, 1988. The judge ordered child support retroactively only to the date that the results of the first blood test were available establishing the identity of the child's father.

This court, interpreting the support provisions of the paternity statute, held to the contrary, holding that the father was responsible for child support "from and after its birth." In affirming this court, the supreme court stated:

>    The Court of Appeals, relying upon the emphasized language in § 36-3-108, held correctly the father's responsibility for support of a child of his born out of wedlock arises at the date of the child's birth. Because the statute also permits the juvenile court to make a retroactive award for expenses incurred in the support of the child prior to the entry of the paternity decree, such an award can be made back to the date of the child's birth, under appropriate circumstances. Obviously, the juvenile

3

judge has broad discretion to determine the amount of such a retroactive award, as well as the manner in which it is to be paid.

What the juvenile judge lacks is discretion to limit the father's liability for child support in an arbitrary fashion that is not consistent with the provisions in T.C.A. § 36-2-102 and § 36-2-108. For example, nothing in those sections can be interpreted to restrict the father's liability to the date when he knows for certain that the child in question is his. Such limitation not only amounts to judicial legislation, but also encourages the putative father to avoid legitimately instituted court proceedings and to delay testing, as did the defendant in this case, in the hope of minimizing the ultimate support award.

In the case under consideration the juvenile court's only rationale for limiting defendant's liability for retroactive child support to November 1, 1992 was that this was the date upon which defendant began making voluntary payments. As the Coleman court stated, nothing in T.C.A. § 36-2-102 or § 36-2-108 permits a court to limit a father's liability to a date upon which he knows for certain or admits that the child is his. In our opinion the juvenile court clearly abused its discretion by arbitrarily limiting the date upon which retroactive child support payment was to begin.

As did the Coleman court, we also reject defendant's contention that plaintiff should be denied the recovery of retroactive child support because she was guilty of laches. In order to establish such a bar, more than mere delay must be shown. *See* Murphy v. Emery, 629 S.W.2d 895, 897-98 (Tenn. 1982). The key element in prevailing on the grounds of laches is prejudice to the other party. While defendant contends that his child support payments will thus be greater because of petitioner's delay in bringing this paternity action, there has been no showing of actual prejudice to defendant. This contention is without merit.

The judgment of the trial court as to the award of retroactive child support is reversed. This cause is remanded to the Juvenile Court of Hardin County for a hearing on the sole issue of the amount of retroactive child support to be awarded to plaintiff from the date of Ashley's birth in accordance with T.C.A. § 36-5-101(e)(1) (Supp. 1995). This court notes that the record in this case presently contains proof of defendant's income for the years 1991—1993, based upon his federal income tax

4

returns. Upon remand the trial court should allow the plaintiff to put on proof as to defendant's income from 1977 to 1990 thereby ascertaining defendant's annual gross income for the purpose of the TCSG for these years. If the parties fail to produce evidence of income for the years as noted, defendant's income for these prior years should be determined by imputing annual income under the TCSG (Tenn. Comp. R. & Regs. tit. X, ch. 1240-2-4-.03(e) (1994)). The amount of the retroactive child support and the manner in which it is paid is within the discretion of the trial court. We also find plaintiff has waived recovery for expenses incurred in connection with her pregnancy because no request for such reimbursement was made by her and in addition there is no proof in the record to support such an award.

Accordingly, we reverse the judgment of the juvenile court to the extent hereinabove noted. This cause is remanded to that court for further proceedings not inconsistent with this opinion. Costs on appeal are taxed to defendant, for which execution may issue if necessary.

_____
TOMLIN, Sr. J.


_____
HIGHERS, J.                    (CONCURS)


_____
LILLARD, J.                    (CONCURS)